United States District Court
Southern District of Texas
**ENTERED**
September 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIMITRIC ANNETTE KNIGHT, § <br> SPN #02952158, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANGELA ROCHON LeBLANC and § <br> BOBBY ANTOINE, § <br> § <br> Defendant. § | CIVIL ACTION NO. H-22-2096 |

## MEMORANDUM OPINION AND ORDER

While incarcerated as a pretrial detainee in the Harris County Jail, Dimitric Annette Knight (SPN #02952158) filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) concerning criminal charges that had been filed against her in state court. Because Knight proceeds *in forma pauperis* (Docket Entry No. 5), the court is required to scrutinize the claims and dismiss this action if it determines that the Complaint (1) is "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Knight has filed this lawsuit against two private citizens identified as Angela Rochon LeBlanc and Bobby Antoine.[1] Knight alleges that LeBlanc falsely accused her of threatening to assault her with a deadly weapon, which led to Knight's arrest.[2] Knight contends that LeBlanc lied to police about the incident because she was "messing around" with "[Knight's] man Bobby Antoine" for two years while Knight was in prison.[3] Knight also accuses Antoine of "blackmail" and misusing "Social Security" funds that Knight receives.[4] Knight seeks compensatory damages from the defendants under 42 U.S.C. § 1983 for her emotional pain and suffering.[5]

Public records confirm that Knight was accused in a criminal complaint with using a knife to threaten LeBlanc during an incident that occurred on January 6, 2022.[6] A grand jury returned an indictment against Knight in connection with that incident,

---

[1]Complaint, Docket Entry No. 1, p. 3.

[2]See id. at 4.

[3]See id.

[4]See id.

[5]See id.

[6]Complaint in Cause No. 1759386, available through the Harris County District Clerk's Office at https://www.hcdistrictclerk.com (last visited Sept. 8, 2022). The court takes judicial notice of the plaintiff's state court proceedings, which qualify as "matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

formally charging her with aggravated assault with a deadly weapon in Cause No. 1759386.[7]  On August 24, 2022, Knight entered a guilty plea in that case to the reduced charge of making a "terroristic threat" and received a sentence of six months' imprisonment.[8]

## II. Discussion

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  Sanchez v. Oliver, 995 F.3d 461, 466 (5th Cir. 2021) (quotation omitted).  The alleged violation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible."  Lugar v. Edmundson Oil Co., 102 S. Ct. 2744, 2753 (1982).  A violation of state law standing alone does not establish a violation of federal constitutional law. See Jackson v. Cain, 864 F.2d 1235, 1252 (5th Cir. 1989).

Both defendants are sued for actions taken as private citizens.  To the extent that Knight accuses Antoine of blackmail

---

[7]Indictment in Cause No. 1759386, available through the Harris County District Clerk's Office at https://www.hcdistrictclerk.com (last visited Sept. 8, 2022).

[8]Judgment in Cause No. 1759386, available through the Harris County District Clerk's Office at https://www.hcdistrictclerk.com (last visited Sept. 8, 2022).

and misappropriation or theft of funds, she cannot pursue a claim against him under § 1983 because she does not allege facts showing that he qualifies as a state actor. See Bryant v. Military Dep't of Miss., 597 F.3d 678, 686 (5th Cir. 2010) ("A person acts 'under color of state law' if he engages in the '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law[.]'") (citations omitted).

Knight's claim that LeBlanc falsely accused her of a criminal offense fails for several other reasons. Although Texas law recognizes "a cause action for those subjected unjustifiably to criminal proceedings," a claim for "malicious prosecution" requires a plaintiff to show that the prosecution terminated in her favor. Kroger Texas Ltd. P'ship v. Suberu, 216 S.W.3d 788, 792 & n.3 (Tex. 2006) (reciting the elements necessary to prevail on a claim of malicious prosecution). Because the proceedings against Knight in Cause No. 1759386 culminated in a guilty plea, she cannot show that the prosecution terminated in her favor for purposes of stating a claim of malicious prosecution.

More importantly, the Fifth Circuit has held that malicious prosecution cannot be the basis for a civil rights action under 42 U.S.C. § 1983 without an attendant constitutional violation. See Castellano v. Fragozo, 352 F.3d 939, 945, 953 (5th Cir. 2003) (en banc) (concluding that there is no "freestanding constitutional

right to be free from malicious prosecution" and that "causing charges to be filed without probable cause will not without more violate the constitution"). Knight does not allege facts showing that she was subjected to false arrest without probable cause in violation of her constitutional rights and she cannot otherwise recover monetary damages for false imprisonment based on her conviction in Cause No. 1759386. It is well established that a prisoner cannot recover monetary damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).

Because public records show that Knight was convicted of threatening LeBlanc in Cause No. 1759386, any civil rights claim calling the conviction into question is not cognizable under 42 U.S.C. § 1983. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"). Accordingly, this case will be dismissed

with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. This action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

2. The dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 13th day of September, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-6-